UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **DEREK ARREDONDO** §<br>*Plaintiff* §<br>§<br>v. §<br>§<br>**CITY OF SAN MARCOS, ET AL.,** §<br>*Defendants* § | No. 1:22-cv-684-DAE |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE DAVID A. EZRA
        UNITED STATES DISTRICT JUDGE

Defendants Bert Lumbreras and Bob Klett (collectively, "Defendants"), former City of San Marcos officials, were required to answer Plaintiff Derek Arredondo's complaint by October 15, 2022, and October 18, 2022, respectively. Dkt. 56-1, at 3, 27; Fed. R. Civ. P. 12(a)(1). Neither did. Almost two years later, in July 2024, Arredondo moved for entry of default against them. Dkt. 56. Lumbreras and Klett now seek to set aside that entry of default so that they may file responsive pleadings. Dkt. 58; Dkt. 63. In his response to Defendants' motion, Arredondo asks this Court to strike the motion. Dkt. 70, at 6. After reviewing these filings and the relevant case law, the undersigned recommends that the District Judge grant Defendants' motion and deny Plaintiff's request to strike the motion.

## I.    BACKGROUND

In March 2020, after finding Arredondo asleep at the wheel, San Marcos Police Department officers, together with officers from other police departments and Special

1

Weapons and Tactics ("SWAT"), planned to throw a Noise Flash Diversionary Device ("NFDD") into Arredondo's car to wake and apprehend him. Dkt. 31-2, at 6-10. A SWAT officer threw the NFDD into the car, where the device apparently malfunctioned and caused a fire in the back seat. *Id.* at 10. Arredondo suffered serious burns as a result. *Id.*

Arredondo sued under 42 U.S.C. § 1983, alleging that the City of San Marcos, along with Lumbreras, Klett, and others, failed to appropriately train and discipline officers involved in the March 2020 incident, among other claims. *See* Dkt. 1. At the time of the incident, Lumbreras was the San Marcos City Manager. Dkt. 63, at 1. Klett was the Interim Police Chief. *Id.*

Lumbreras and Klett each failed to timely answer Arredondo's complaint. Dkt. 71, at 2; Dkt. 56-1, at 3, 27; Fed. R. Civ. P. 12(a)(1). Lumbreras and Klett imply that their failure to answer resulted from some confusion regarding service on them. Dkt. 63, at 6. In particular, Defendants state that they "were served simultaneously a number of improperly served *John Doe* citations," but that "when it was discovered that these two citations had been properly served," they obtained Arredondo's agreement to permit Defendants to file a late answer. *Id.* Nevertheless, Defendants subsequently failed to file any answer, which they state was "wholly the result of an oversight by counsel." Dkt. 71, at 2.

Almost two years later, at Arredondo's request, the clerk entered default as to Lumbreras and Klett. Dkts. 56, 58. Arredondo moved for default judgment against both defendants. Dkts. 59, 60. Lumbreras and Klett now move to set aside the entry

2

of default and ask for leave of court to file responsive pleadings. Dkt. 63. Arredondo moves to strike Defendants' motion. Dkt. 70, at 6.

## II.   APPLICABLE LAW

Under Rule 55, a default occurs when a defendant has failed to plead or otherwise respond to the complaint within the time required by the Federal Rules of Civil Procedure. *New York Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996); Fed. R. Civ. P. 55. After the clerk of court enters a defendant's default, the plaintiff may apply for a judgment based on such default. *Id.* However, a party is not entitled to a default judgment as a matter of right, even where the defendant is technically in default. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). The entry of a default judgment is therefore committed to the sound discretion of the district judge. *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). Indeed, default judgments are "generally disfavored." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council*, 726 F.2d 166, 168 (5th Cir. 1984). "[W]here there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." *Gen. Tel. Corp. v. Gen. Tel. Answering Serv.*, 277 F.2d 919, 921 (5th Cir. 1960) (internal citations omitted).

Pursuant to Rule 55, "a district court 'may set aside an entry of default for good cause.'" *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (quoting Fed. R. Civ. P. 55(c)). "The language of this rule is discretionary[.]" *Id.* In exercising its discretion to determine whether good cause has been shown, a district court generally examines three factors: "(1) whether the failure to act was willful;

3

(2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented." *Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc.*, 346 F.3d 552, 563 (5th Cir. 2003). As "[t]hese factors are not exclusive," "[o]ther factors may be considered, such as whether the party acted expeditiously to correct the default." *Id.*

Federal Rule of Civil Procedure 6(b) permits courts to extend case deadlines "for good cause" on a motion "made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). The determination of whether excusable neglect exists is "an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).[1] Courts consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n.8 (5th Cir. 2006) (citing *Pioneer*, 507 U.S. at 395).

### III. DISCUSSION

There is good cause here to set aside the entry of default. *See Moreno*, 800 F.3d at 698 (setting out the good cause standard). First, Defendants' failure to answer was

---

[1] While *Pioneer* analyzed "excusable neglect" in the context of Federal Rule of Bankruptcy Procedure 9006(b)(1), the Fifth Circuit has subsequently applied the *Pioneer* analysis in cases involving Federal Rules of Civil Procedure 60(b) and 6(b). *See Razvi v. Dallas Fort Worth Int'l Airport*, No. 21-10016, 2022 WL 4298141, at *2 (5th Cir. Sept. 16, 2022); *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 161 n. 8 (5th Cir. 2006). In *Pioneer*, the Supreme Court remarked that "Rule 9006(b)(1) was patterned after Rule 6(b)." *Pioneer*, 507 U.S. 380 at 391.

not willful. *See Effjohn*, 346 F.3d at 563. "A willful default is an intentional failure to respond to litigation." *Scott v. Carpanzano*, 556 F. App'x 288, 294 (5th Cir. 2014) (internal quotations omitted). Examples of willfulness include refusing to appear and instructing other attorneys not to enter an appearance. *Id.* Defendants made no such conscious choice in this case. While Defendants' attorney was negligent in failing to answer—and perhaps doubly negligent in failing to answer twice—there is no evidence that counsel committed those errors on purpose. Rather, as Lumbreras and Klett argue, the evidence suggests that defense counsel arranged to file a late answer but simply forgot to do so. *See* Dkt. 56-2, at 2 (suggesting defense counsel arranged with counsel for Arredondo to file the answers late); Dkt. 71, at 2 ("The undisputed evidence is that the mistake in this matter was wholly the result of an oversight by counsel….").[2]

Defendants' prompt response to the entry of default also suggests that their failure to answer was not willful. *See Effjohn*, 346 F.3d at 563 (holding that courts may consider factors such as whether the party "acted expeditiously to correct the default" in determining whether to set it aside). Defendants moved to set aside the default one week after its entry and responded to the motion for default judgment one week after that. *See* Dkts. 58, 63 (entry of default and motion to set aside entry of default); Dkts. 59, 60, 65, 66 (motions for default judgment and responses). Because

---

[2] Courts in the Fifth Circuit have found that mistakes by counsel are not "willful" for the purpose of setting aside a default. *See, e.g.*, *AAR Supply Chain Inc. v. N & P Enterps., LLC*, 2017 WL 5626356 (N.D. Tex. Nov. 22, 2017); *Jefferson v. Louisiana*, No. 09-0049, 2009 WL 811505, at *1-2 (W.D. La. Mar. 19, 2009), *aff'd per curiam*, 401 F. App'x 927 (5th Cir. 2010).

there is no evidence that Lumbreras and Klett willfully failed to respond, this factor weighs in favor of granting Defendants' motion.

Second, Arredondo cannot show that he will be prejudiced by this Court's setting aside the entry of default. "[M]ere delay does not alone constitute prejudice." *Lacy v. Sitel Corp.*, 227 F.3d 290, 293 (5th Cir. 2000). Rather, "the plaintiff must show that the delay will result in the loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." *Id.* (quoting *Berthelsen v. Kane*, 907 F.2d 617, 621 (6th Cir. 1990)). Arredondo makes no argument that setting aside the entry of default would lead to a loss of evidence or greater opportunities for fraud and collusion. *See* Dkt. 70. While somewhat difficult to parse, Arredondo appears to argue that he would be prejudiced by this Court's setting aside the default because Lumbreras and Klett would file a motion to dismiss, Dkt. 63-1, in lieu of an answer. Dkt. 70, at 4. Arredondo claims that, in turn, he would file an amended complaint,[3] "caus[ing] this case to start over." *Id.* The undersigned notes not only that the choice to replead rests with Arredondo, but also that the opportunity to cure defects in his complaint as identified in Defendants' proposed motion to dismiss, Dkt. 63-1, benefits him. Further, this case has and will continue to progress despite the delayed prosecution of the claims against Lumbreras and Klett. *See* Dkt. 73 (ruling on cross motions for summary judgment with respect to other defendants).

---

[3] In his response to the motion to set aside the entry of default, Arredondo argues that permitting Defendants to respond (i.e., to file their proposed motion to dismiss at Dkt. 63-1), would trigger Federal Rule of Civil Procedure 21. Dkt. 70, at 4. The undersigned presumes Arredondo refers to Federal Rule of Civil Procedure 15, which allows a party to amend its pleading once as a matter of course 21 days after service of a motion under Rule 12(b) if a responsive pleading is required. Fed. R. Civ. P. 15(a)(1)(B).

With respect to discovery, Arredondo argues that he would be prejudiced because he has missed the opportunity to depose Lumbreras and Klett. Dkt. 70, at 5. While the agreed scheduling order in this case sets a discovery deadline of March 31, 2024, the District Judge may extend that deadline for good cause. Dkt. 18; Fed. R. Civ. P. 16(b)(4). The undersigned further notes that Arredondo moved for entry of default almost two years after Defendants' lapsed response deadline. Dkt. 56. His complaint that he has been prejudiced by lost discovery opportunities during those two years thus rings hollow. Because Arredondo cannot show that the delay will result in the loss of evidence, cause difficulties in discovery, or open the door to fraud and collusion, he cannot show prejudice. *See Lacy*, 227 F.3d at 293. And because Arredondo cannot show prejudice, this factor weighs in favor of granting Defendants' motion.

Third, Lumbreras and Klett have potentially meritorious defenses. *Effjohn*, 346 F.3d at 563. In determining whether there is a meritorious defense, "the underlying concern is … whether there is some possibility that the outcome of the suit after a full trial will be contrary to the result achieved by the default." *In re OCA, Inc.*, 551 F.3d 359, 373 (5th Cir. 2008) (quoting *Jenkens & Gilchrist v. Groia & Co.*, 542 F.3d 114, 122 (5th Cir. 2008)). A defense is meritorious if "the evidence submitted, if proven at trial, would constitute a complete defense." *Jenkens & Gilchrist*, 542 F.3d at 122 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993)).

Klett has a potentially meritorious defense. For example, if proven at trial, Klett's argument that there was no failure to train would constitute a complete

7

defense. *See id.* Arredondo primarily claims that Klett, as then-Chief of Police, failed to train the officers under his command. Dkt. 1-1, at 14. To hold a supervisor liable on a failure-to-train theory, Arredondo must show: "(1) the [supervisor] failed to train or supervise the officers involved; (2) there is a causal connection between the alleged failure to supervise or train and the alleged violation of the plaintiff's rights; and (3) the failure to train or supervise constituted deliberate indifference to the plaintiff's constitutional rights." *Thompson v. Upshur County, Tex.*, 245 F.3d 447, 459 (5th Cir. 2001); *see also Jason v. Tanner*, 938 F.3d 191, 196 (5th Cir. 2019). In support of his defense, Klett points to an affidavit describing extensive training received by the SWAT team that apprehended Arredondo, which "would have fallen under [Klett's] ultimate chain of command." Dkt. 63, at 8; Dkt. 31-3, at 4-6.[4] If proven at trial, this evidence would show that Klett did not fail to train the officers and thus that he cannot be held liable under section 1983. *See Jenkens & Gilchrist*, 542 F.3d at 122 (stating that a defense is meritorious if "the evidence submitted, if proven at trial, would constitute a complete defense").

Arredondo alleges no facts against Lumbreras. *See* Dkt. 1. Lumbreras may therefore have a strong argument for dismissal under Rule 12(b)(6) on the ground that Arredondo has failed to state a claim against him. *See* Fed. R. Civ. P. 12(b)(6). But to the extent Arredondo's complaint implies, by naming Lumbreras as a party, that he is liable as then-City Manager for failure to train by the City of San Marcos, Lumbreras, like Klett, could raise the defense that there was no failure to train.

---

[4] *See OCA*, 551 F.3d at 373 (using affidavits submitted by the parties to analyze whether the non-movant had a meritorious defense).

Because both Defendants have potentially meritorious defenses, this factor counsels granting their motion.

As to Rule 6(b), Klett and Lumbreras have demonstrated good cause for extending the case deadlines. In determining whether good cause exists, courts consider "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the reasonable control of the movant, and whether the movant acted in good faith." *Adams*, 465 F.3d at 161 n.8. As discussed above, there is little danger of prejudice to Arredondo here, and the length of the delay in entering the default and moving for default judgment is in part attributable to Arredondo's counsel. Further, while Defendants' counsel erred in failing to file a response, there is no evidence to suggest that the error was made in bad faith. *See id.* And while their obligation to file a response was within Defendants' reasonable control, good-faith mistakes fall within the ambit of excusable neglect. *See Pioneer*, 507 U.S. at 392 (commenting that excusable neglect is "a somewhat elastic concept and is not limited strictly to omissions caused by circumstances beyond the control of the movant"). Thus, Defendants should be given leave to file responsive pleadings.

## IV.     MOTION TO STRIKE

In his response, Arredondo requests that this Court strike the motion at issue in this report, Dkt. 63. Dkt. 70, at 6. In particular, he argues that this Court should strike the motion because Defendants "failed to include a certificate of conference showing the position of the other parties in this case and whether they would be in

agreement with the motion or opposed." *Id*. The undersigned is unaware, and Arredondo does not cite, any authority for the proposition that failure to confer with other parties in a case is grounds for striking a motion. *See id.*[5] Therefore, Arredondo's motion to strike should be denied.

## V. RECOMMENDATION

In accordance with the foregoing discussion, the undersigned **RECOMMENDS** that the District Judge **GRANT** Defendants Bert Lumbreras and Bob Klett's motion for leave to file responsive pleadings and set aside the entry of default. The undersigned notes that this action would render Plaintiff Derek Arredondo's motions for default judgment against Defendants Lumbreras and Klett **MOOT**. Dkts. 59; 60. Additionally, the undersigned **RECOMMENDS** that the District Judge **DENY** Plaintiff's motion to strike.

## VI. WARNINGS

The parties may file objections to this report and recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Judge need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after the

---

[5] Local Rule CV-7(g) permits this Court to refuse to hear or deny a non-dispositive motion "unless the movant advises the court within the body of the motion that counsel for the parties have conferred …." This motion to set aside the entry of default is dispositive, so the Rule does not apply. Additionally, even if the Rule applied, it would not provide grounds for striking Defendants' motion.

party is served with a copy of the report shall bar that party from *de novo* review by the District Judge of the proposed findings and recommendations in the report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Judge. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

SIGNED October 22, 2024.

DUSTIN M. HOWELL
UNITED STATES MAGISTRATE JUDGE