UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEREK ARREDONDO, *Plaintiff*, | § § § § |
| v. | § § No. 1:22-cv-684-DAE |
| CITY OF SAN MARCOS, ET AL., *Defendants*. | § § § § |

ORDER ADOPTNG REPORT AND RECOMMENDATION

Before the Court is the Report and Recommendation ("Recommendation") filed by United States Magistrate Judge Dustin M. Howell. (Dkt. # 78.)  After reviewing the Recommendation, the Court **ADOPTS** Judge Howell's recommendations.  The Court therefore **GRANTS** Defendants Bert Lumbreras and Bob Klett's Motion for Leave to File Responsive Pleadings and Set Aside Entry of Default Against Bert Lumbreras and Bob Klett (Dkt. # 63); **DENIES** Plaintiff Derek Arredondo's Motion to Strike (Dkt. # 70); and **DISMISSES AS MOOT** Plaintiff Derek Arredondo's Motion for Default Judgment Against Bert Lumbreras and Motion for Default Judgment Against Bob Klett (Dkts. ## 59, 60).

1

## BACKGROUND

Defendants Bert Lumbreras and Bob Klett ("Defendants" or "Lumbreras" and "Klett"), former City of San Marcos officials, were required to answer Plaintiff Derek Arredondo's ("Arredondo" or "Plaintiff") complaint in October 2022. (Dkt. # 56-1 at 3, 27); Fed. R. Civ. P. 12(a)(1). Defendants failed to do so. Two years later, on July 5, 2024, Arredondo moved for entry of default against them. (Dkt. # 56.) On July 8, 2024, the Clerk of the Court entered default against Lumbreras and Klett. (Dkt. # 58.) The same day, Arredondo moved for an entry of default judgment against both Defendants. (Dkts. ## 59, 60.) Those motions were referred to Judge Howell by text order on July 9, 2024.

On July 15, 2024, Defendants filed their Motion for Leave to File Responsive Pleadings and Set Aside Entry of Default Against Bert Lumbreras and Bob Klett. (Dkt. # 63.) Defendants' motion was referred to Judge Howell by text order on July 16, 2024. On August 5, 2024, Plaintiff responded, and included in that response a Motion to Strike Defendants' motion. (Dkt. # 70 at 6.)

Judge Howell issued his Report and Recommendation on October 22, 2024. (Dkt. # 78.) No party has objected to the Recommendation.

DISCUSSION

The facts preceding this Order are laid out in Judge Howell's Recommendation. (See Dkt. # 78.) In his Recommendation, Judge Howell found there is good cause to set aside the entry of default against Defendants. See Fed. R. Civ. P. 55(c). Specifically, Judge Howell found that Defendants' failure to respond was not willful; that Plaintiff cannot show he will be prejudiced by setting aside the entry of default; and that Defendants have potentially meritorious defenses. See Effjohn Int'l Cruise Holdings, Inc. v. A&L Sales, Inc., 346 F.3d 552, 563 (5th Cir. 2003) (listing non-exclusive set of factors generally considered when determining whether good cause exists as: "(1) whether the failure to act was willful; (2) whether setting the default aside would prejudice the adversary; and (3) whether a meritorious claim has been presented").

Further, Judge Howell found that Klett and Lumbreras have demonstrated good cause for extending the case deadlines. See Fed. R. Civ. P. 6(b). Lastly, Judge Howell notes that Plaintiff requested the Court strike Defendants' motion because Defendants "failed to include a certificate of conference showing the position of the other parties in this case and whether they would be in agreement with the motion or opposed." (Dkts. ## 63, 70.) Judge Howell noted that he is unaware of, and Arredondo did not cite any, authority for

3

the proposition that failure to confer with other parties is grounds for striking a motion. The Court agrees and therefore will deny Plaintiff's motion to strike.

Objections to the Recommendation were due within 14 days after being served with a copy. Where, as here, none of the parties objected to the Magistrate Judge's findings, the Court reviews the Report for clear error. <u>United States v. Wilson</u>, 864 F.2d 1219, 1221 (5th Cir. 1989).

After careful consideration, the Court **ADOPTS** the Magistrate Judge's Recommendation. The Court finds the Magistrate Judge's conclusions that Defendants' Bert Lumbreras and Bob Klett's motion for leave to file responsive pleadings and set aside the entry of default should be granted, and that Plaintiff's motion to strike should be denied, is neither clearly erroneous nor contrary to law.

## CONCLUSION

For the reasons given, the Court **ADOPTS** U.S. Magistrate Judge Dustin Howell's Report and Recommendation (Dkt. # 78). The Court therefore **GRANTS** Defendants Bert Lumbreras and Bob Klett's Motion for Leave to File Responsive Pleadings and Set Aside Entry of Default Against Bert Lumbreras and Bob Klett (Dkt. # 63) and **DENIES** Plaintiff Derek Arredondo's Motion to Strike (Dkt. # 70 at 6).

**IT IS FURTHER ORDERED** that Plaintiff Derek Arredondo's Motion for Default Judgment Against Bert Lumbreras and Motion for Default Judgment Against Bob Klett (Dkts. ## 59, 60) are **DISMISSED** as **MOOT**.

The Clerk is **INSTRUCTED** to **SET ASIDE** entry of default against Defendants Bob Klett and Bert Lumbreras (Dkt. # 58).

**IT IS SO ORDERED**.

**DATED**: Austin, Texas, November 8, 2024.

_____
David Alan Ezra
Senior United States District Judge